No. 748.—FORMESIA NASH, Administratrix, etc., v. THOMAS R. MUGGAH.

A voluntary retrocession of property after the action to dissolve the sale has been prescribed, has no legal effect on a creditor of the vendee who has acquired a mortgage on the property subsequent to the sale. If, therefore, the vendee has retroceded the property after the action of retrocession is barred by prescription, the vendor takes back the property, subject to the mortgages which the vendee has placed upon it subsequent to the sale.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *D. Caffery*, for plaintiff and appellant. *Frederick Gates*, for defendant and appellee.

HOWE, J. On the nineteenth August, 1858, Thomas R. Muggah sold to Julia C. Muggah a tract of land, for the price of which she executed two promissory notes, secured by mortgage and vendor's privilege duly recorded, the first of the notes falling due March 1, 1859, and the second March 1, 1860.

On the third November, 1866, Mrs. Mary Z. Knight, administratrix, having obtained judgment against Julia C. Muggah and William J. Nash, *in solido*, recorded it, and compelled Nash, the surety, to pay it. Nash died and the present plaintiff was appointed his administratrix.

On the fourth August, 1870, Mrs. Julia C. Muggah, by notarial act, acknowledged her indebtedness to her vendor, Thomas C. Muggah, for

the price of the land, declared her inability to pay the same, and retroceded to him the property.

In October, 1870, the plaintiff, as administratrix of Nash, legally subrogated to the judgment as against Mrs. Julia C. Muggah, instituted this hypothecary action against Thomas R. Muggah, third possessor, to enforce the judicial mortgage imposed as above upon the property in 1866, while Mrs. Julia C. Muggah was owner.

The main defense made was that the voluntary retrocession to T. R. Muggah, made August 4, 1870, restored the property to him free and clear of all mortgages that might have been imposed upon it by the vendee during her ownership, which ownership was defeasible by reason of nonpayment of the price. Chretien v. Richardson, 6 An. p. 2.

To this the plaintiff replied that at the time of the retrocession more than ten years had elapsed from the date at which the price became exigible; that not only were the notes prescribed, their accessary mortgage perempted, and the vendor's privilege lost, but that the right of action to dissolve the sale was prescribed by the lapse of more than ten years; and that there being no right of action to dissolve, there could be no voluntary retrocession producing an equivalent result.

The court a qua sustained the views of the defendant and dismissed the suit, and plaintiff has appealed.

We are constrained to think that there was error in the judgment. There is no dispute about the fact that the action to dissolve the sale for nonpayment of the price was prescribed in March, 1870, by the lapse of ten years. George v. Lewis, 11 An. 654; George v. McNeill & Knox, 23 An., p. 354. It would seem to result from this that at that moment the title of Mrs. Muggah, theretofore defeasible, became indefeasible; and upon this indefeasible title the grasp of the plaintiff's judicial mortgage was instantly fixed. Five months after Mrs. Muggah made the retrocession. If we concede that her acknowledgment of the debt for the price was a renunciation of the acquired prescription which then barred the action to dissolve, still this renunciation should not be permitted to prejudice the plain rights of plaintiff previously acquired. C. C. 3466 [3429]; 1 An. 330; 2 An. 546; 8 An. 505.

The case of Johnson v. Bloodworth, 12 An. 699, relied upon by defendant, and the French authorities therein cited, are not here in point. The rule there settled was that the unpaid vendor, even by private unrecorded act, may enforce the implied dissolving condition against his vendee to the prejudice of the mortgage creditor of the latter; and the copious citations from the French jurists are made in support of the proposition, which it is not necessary here to discuss, that under the Code Napoleon the vendor's privilege and the right of resolution for nonpayment of the price are distinct rights, to be enforced by dis-

tinct remedies. But neither in that nor in any other case to which we have been referred, is it held that a vendor whose action to dissolve has become barred by prescription, can, by an agreement of retrocession with the vendee, impair the rights of a mortgage creditor of the latter.

We do not think the defendant entitled to anything for improvements he claims to have placed on the land in 1859 and 1860, while it was the property of Mrs. Muggah.

For the reasons given, it is ordered that the judgment appealed from be avoided and reversed. It is further ordered that there be judgment in favor of the plaintiff, recognizing and rendering executory the judicial mortgage set forth in her petition against the lands therein described; that the said lands be seized and sold to satisfy the said mortgage debt, with interest as therein provided, and that the defendant pay the costs of both courts.